UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HRSS, INC., a Michigan corporation,
HAROLD HOLT, and
JOANN HOLT,

    Plaintiffs,

v

WAYNE COUNTY TREASURER,
the WAYNE COUNTY SHERIFF, and,
the COUNTY OF WAYNE

    Defendants.

Case No. **02-71937**
Hon. **PAUL D. BORMAN**
**MAGISTRATE JUDGE SCHEER**

---

| | |
|---|---|
| HUGH M. DAVIS, Jr. (P12555) ✓<br>Attorney for Plaintiffs<br>Constitutional Litigation<br>Associates, P.C.<br>The Mercier Building<br>450 W. Fort Street, Ste 200<br>Detroit, MI 48226<br>(313) 961-2255<br><br>ROBERT D. HORVATH (P27633) ✓<br>Co-counsel for Plaintiffs<br>3250 W. Big Beaver Road, Ste 342<br>Troy, MI 48084<br>(248) 614-4770 | EDWARD EWELL, JR. (P38962) ✓<br>Wayne County Corporation Counsel<br>SAMUEL A. NOUHAN (P44381) ✓<br>MARY M. NASSAR (P34439) ✓<br>Assistant Corporation Counsel<br>Attorneys for Wayne County<br>600 Randolph, Second Floor<br>Detroit, MI 48226<br>(313) 224-5030 |

**DEFENDANTS' NOTICE OF REMOVAL AND PROOF OF SERVICE**

Defendants Wayne County Treasurer, Wayne County Sheriff Department and County of Wayne- -through its counsel- - removes this action from the Wayne County Circuit Court under 28 U.S.C. sections 1331, 1441, and 1446, and in support states:

1.  Wayne County Treasurer, Wayne County Sheriff Department and County of Wayne are defendants in a civil action filed in, and presently pending before, the Third Judicial Circuit, Wayne County, State of Michigan, and captioned as <u>Hrss, Inc., a Michigan Corporation, Harold Holt, and Joann Holt v County of Wayne, et al.</u>, Case No. 02-212647 CH. All Defendants have been properly served, and they all concur in removal.

2.  County of Wayne first received a copy of the summons and complaint on April 24, 2002. Wayne County Treasurer and Wayne County Sheriff Department received a copy of the summons and complaint on April 25, 2002. The complaint represents the initial pleading stating the claims upon which this action is based.  Defendants have until <u>May 24, 2002</u> to effect removal; therefore, this notice of removal is timely.

3.  This is a civil action, and this court has subject matter jurisdiction under 28 U.S.C. sections 1331, 1367, and 1441. Plaintiff has alleged claims under the Equal Protection Clause of the Fourth and Fourteenth Amendment of the United States Constitution. Therefore, plaintiff's civil action is founded on a claim or right arising under the laws of the United States, and may be removed without regard to the citizenship or

residence of the parties or the amount in controversy.

    4.    Plaintiff does plead state law claims:

        (a)    plaintiff has pled claims under Michigan law, Mich. Comp. Laws §600.3252; Mich. Const. art VI; Mich. Const. art X; over which this court has supplemental jurisdiction; and

        (b)    plaintiff's state law claims do not raise novel or complex issues of state law and do not predominate over his federal claims. The factual basis for the federal and state claims will be nearly identical. Jurisdiction over the state claims will not add to the administrative burden of this court and will not complicate pre-rial or trial proceedings.

        (c)    There are no compelling reasons to decline supplemental jurisdiction. Accordingly, the court should exercise supplemental jurisdiction over plaintiff's state claims.

    5.    The summons and complaint served on defendants constitute all of the process, pleadings, and orders served in this matter, and a copy of each is attached to this notice.

6. Wayne County will promptly file a copy of this notice of removal with the Third Judicial Circuit, County of Wayne, State of Michigan.

 

Respectfully submitted,
EDWARD EWELL, JR.
Corporation Counsel
County of Wayne

By: _____
SAMUEL A. NOUHAN (P44381)
MARY M. NASSAR (P34439)
Assistant Corporation Counsel
Attorneys for Defendant
600 Randolph, Second Floor
Detroit, MI 48226

Dated: May 15, 2002         (313) 224-5030

#106002

STATE OF MICHIGAN

**JURY FEE PAID
THIS DATE:
BY: APR 16 2002**

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HRSS, INC., a Michigan corporation,
HAROLD HOLT, and
JOANN HOLT,

        Plaintiffs,

vs

WAYNE COUNTY TREASURER,
the WAYNE COUNTY SHERIFF, and,
the COUNTY of WAYNE,

        Defendants.
_____/

02-212647 CH   4/16/2002
JDG:JEANNE STEMPIEN
HRSS INC
vs
WAYNE COUNTY TREASURER

HUGH M. DAVIS, Jr. (P12555)
Attorney for Plaintiffs
Constitutional Litigation Associates, P.C.
The Mercier Building
450 W. Fort Street, Suite 200
Detroit, MI 48226

ROBERT D. HORVATH (P27633)
Co-counsel for Plaintiffs
3250 W. Big Beaver Road, Suite 342
Troy, MI 48084
(248) 614-4770
_____/

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint

## COMPLAINT & JURY DEMAND

Plaintiffs, by their counsel, state:

1

## Nature of Proceedings & Parties

1.     This is a proceeding brought under 42 USC § 1983 to redress the violation of rights and liberties guaranteed to Plaintiffs by the Fourth and Fourteenth Amendments to Constitution of the United States. Plaintiffs also bring certain claims under the Michigan law, which are set out below, after the federal claims.

2.     Plaintiff HRSS, INC. is a Michigan corporation and conducts business in Wayne County Michigan. Plaintiffs Harold Holt and Joann Holt are Wayne County residents. The matters pertinent to the subject lawsuit occurred in Wayne County Michigan. Plaintiffs bring claims on their own behalf, and, on behalf of all others similarly situated under the provisions of F.R.Civ.P. 23. (Class Actions).

3.     The Defendant Wayne County Sheriff is the county law enforcement official for Wayne County Michigan, established by the Michigan Constitution as a county official. As pertinent to the subject lawsuit, the Wayne County Sheriff is responsible for conducting mortgage foreclosures sales subject to certain statutory and other legal obligations. At all times pertinent hereto, Defendant Wayne County Sheriff acted under color of law. He is sued in his official and personal capacities.

4.     The Defendant Wayne County Treasurer is the financial custodian for Wayne County Michigan, established by the Michigan Constitution as a county official. As pertinent to the subject lawsuit, the Wayne County Treasurer receives funds from private parties for private parties (such as Plaintiffs) from mortgage foreclosure sales that are conducted by the Wayne County Sheriff. At all times pertinent hereto, Defendant Wayne County Treasurer acted under color of law. He is sued in his official and personal capacities.

5.  The Defendant County of Wayne is the local unit of government chartered for that purpose under the Michigan constitution, for which the other Defendants are county officials. The Defendant County of Wayne, upon information and belief, has been the beneficiary of the interest generated from the surplus mortgage sale proceeds as a result of the acts of the other Defendants. At all times pertinent hereto, Defendant County of Wayne acted under color of law.

6.  The amount in controversy is in excess of twenty-five ($25,000.00) Dollars.

### General Allegations

7   Within the past three years, Plaintiffs were involved in mortgage foreclosure sales conducted by the Wayne County Sheriff, which generated surplus proceeds. Surplus proceeds occur when the sale price, less incidental expenses or costs, exceeds the amount due on the mortgage. Plaintiffs were entitled to payment of these proceeds and, as set out below, they received some, but not all, of the moneys to which they were lawfully entitled.

8.  Under Michigan law, the Defendants are obligated to pay the surplus moneys generated by the foreclosure sales to the person(s) entitled to it. See, e.g., MCL 600.3252. The Defendants hold such moneys in trust for their rightful owner and must account for these private moneys and remit them to their owner.

9.  The right to the possession or enjoyment of property is protected by the Fourteenth Amendment and by the Michigan Constitution. As a matter of law, a person entitled to principal is also entitled to interest. Plaintiffs' right to the mortgage surplus,

3

therefore, encompasses both the principal and interest generated thereon. The U.S. Supreme Court held in the Texas IOLTA case, Phillips v Washington Legal Foundation, 524 US 156, 118 S Ct 1925, 141 L Ed2d 174 (1998) that interest earned by deposit of money accrues to that money and to its owners. That holding relied upon such cases as the Michigan Supreme Court's decision in Board of Education of the School District of Pontiac v City of Pontiac, 294 Mich 708, 716, 294 NW 141, 144 (1940), which opined: "... **interest is merely an incident of the principal and must be accounted for.**" (bold added)

10. Plaintiffs, and those similarly situated, are entitled to the interest on the private moneys held by the Defendants generated by the mortgage foreclosure sales conducted by the Wayne County Sheriff. However, when Plaintiffs received their payments from the foreclosure sales, they did not receive any interest component on their principal.

11. The Defendants, individually or collectively, have a policy or practice of retaining all interest generated on such foreclosure sales. This policy/practice wrongfully infringes upon Plaintiffs' property rights, which are created under Michigan law, and, which are protected by the Fourteenth Amendment and various provisions of the Michigan Constitution. Pursuant to that policy/practice, the Defendants withheld or refused to pay the interest component from the surplus payments made to Plaintiffs at the conclusion of the foreclosure process.

12. Because of the Defendants' wrongful actions, Plaintiffs' have lost very valuable property interests, namely, the money to which they are entitled as interest on their principal.

## Federal Constitutional Claims

13. Plaintiffs enjoy a right under substantive Due Process to be free from arbitrary or illegitimate governmental actions. The Defendants' deliberate refusal to turn over the interest component of the surplus foreclosure moneys to Plaintiffs deprived them of their legitimate property right in those moneys. The Defendants' malfeasance constitutes a violation of substantive Due Process.

14  By their refusal to turn over the interest component of the surplus, the Defendants took property that rightfully belonged to the Plaintiffs. This appropriation violated the Fourth Amendment's prohibition on unreasonable seizures since it clearly effected a significant interference in Plaintiffs' possessory rights in that property. It is always unreasonable for government to wrongfully take private property.

15. Plaintiffs also enjoy a right under the Equal Protection Clause of the Fourteenth Amendment to be free from arbitrary or irrational treatment, whether by formal governmental policy, administrative practice or executive action. The Defendants' refusal to pay interest on the mortgage foreclosure proceeds violates Equal Protection of Law since there is no rational, no legitimate, reason for the Defendants to keep moneys that do not belong to them. Upon information and belief, no other parties who deal with these Defendants in monetary matters are treated in such fashion with regard to the withholding of interest. The Defendants' disparate treatment of persons in the mortgage foreclosure context, therefore, violates the Equal Protection Clause.

16. Plaintiffs seek recompense in this lawsuit for the intrinsic loss they have suffered by virtue of these injuries to their constitutional rights, in addition to the actual economic loss caused by the Defendants' illegal actions.

5

## State Claims

17.     Paragraphs 1–16 are incorporated by reference. The Defendants' refusal to pay interest is wrongful or arbitrary since it violates their duties as public actors to account fully for private moneys, which they hold in a fiduciary capacity. Since the surplus mortgage foreclosure proceeds are held in trust for Plaintiffs as a matter of Michigan law, MCL 600.3252, the Defendants are obligated to pay these moneys in full to the Plaintiffs, as the rightful owners thereof. Plaintiffs are entitled to damages in an amount that will fairly and fully compensate them, including costs, interest and attorney fees.

18.     The Defendants' interference with Plaintiffs' property (and its effective confiscation) constitutes an intentional tort under Michigan law, either as a conversion or other wrongful appropriation, for example, by virtue of 1963 Const, art 1, § 11 (prohibition on unreasonable seizures), 1963 Const, art 1, § 17 (prohibition on taking property without due process of law), and, 1963 Const, art 10, § 2 (prohibition on taking private property without just compensation). Plaintiffs are entitled to damages in an amount that will fairly and fully compensate them, including costs, interest and attorney fees.

19.     Given the Defendants' fiduciary responsibilities in connection with the handling of the mortgage foreclosure surplus proceeds, the Plaintiffs are entitled to an equitable lien in an amount that will make them whole and the Defendants should be required to pay over that amount to the Plaintiffs. In the alternative, at a minimum, the Defendants have unjustly enriched themselves by retaining the interest from the surplus

mortgage foreclosure sales and they should be required as a matter of equity to make Plaintiffs whole for the misuse of Plaintiffs' property.

20. To whatever extent that Plaintiffs have any other avenue to challenge the actions of the Defendants under Michigan law through declaratory, mandamus, or other proceeding, either equitable or at law, Plaintiffs preserve those avenues as independent bases for relief in the instant proceeding, in the event such alternative relief is necessary to make them whole.

WHEREFORE, Plaintiffs pray this Court grant the following relief:

(A) That it award Plaintiffs compensatory damages in an amount suitable to redress the intrinsic injuries to their constitutional rights and in a further amount that fully compensates them for their economic loss due to the withheld interest. And, that it award punitive damages against the Defendants in their individual capacities for the willful and egregious violations of Plaintiffs' constitutional rights.

(B) That it award Plaintiffs declaratory and equitable relief, which compels the Defendants to cease their illegal practice of withholding interest on surplus mortgage proceeds, and/or which affords Plaintiffs equitable relief that makes them whole.

(C) That it award Plaintiffs costs, including reasonable attorney fees pursuant to 42 USC § 1988, and award Plaintiffs any other relief to which they may be entitled.

Robert D. Horvath (P27633)
Attorney for Plaintiffs
3250 W. Big Beaver Rd., Ste. 342
Troy, MI 48084-2902
(248) 614-4770

Dated: April 15, 2002

7

## Jury Demand

Plaintiffs demand a trial by jury on their legal claims.

*[signature]*

Robert D. Horvath (P27633)
Attorney for Plaintiffs
3250 W. Big Beaver Rd., Ste. 342
Troy, MI 48084-2902
(248) 614-4770

Dated: April 16, 2002.

C:\CLADOCS\Cases\Shaw\pldgs\WCCC-Complaint.doc

8